USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __8/2/2019__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,   :
   :
                 Plaintiff,   :   No. 19 Civ. 7199 (AT)
   :
    --against--   :
   :   ECF Case
MICHAEL A. CARROLL,  MICHAEL V. PAPPAGALLO,   :
STEVEN A. SPLAIN, and MICHAEL MORTIMER,   :
   :
                Defendants.   :
----------------------------------------------------------------------x

**JUDGMENT AS TO DEFENDANT MICHAEL MORTIMER**

The Securities and Exchange Commission having filed a Complaint and Defendant

Michael Mortimer ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this

Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from

this Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)],  Defendant is prohibited  from

acting as an officer or director of any issuer that has a class of securities registered pursuant to

Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to

Section 15(d) of the Exchange Act [15 U.S.C. § 7o(d)].

## III.

Upon motion of the Commission, the Court shall determine whether it is appropriate to

order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 21(d)(3) of the

Exchange Act [15 U.S.C. § 78u(d)(3)]  and, if so, the amount(s) of the disgorgement and/or civil

penalty.  If disgorgement is ordered, Defendant shall pay prejudgment interest thereon,

calculated from December 3, 2013, based on the rate of interest used by the Internal Revenue

Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In

connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:   __August 2___, 2019

_____

UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,   :
                                               :
                     Plaintiff,       :  No. 19 Civ. 7199 (AT)
                                               :
           --against--        :
                                             :  **ECF Case**
MICHAEL A. CARROLL,  MICHAEL V. PAPPAGALLO,   :
STEVEN A. SPLAIN, and MICHAEL MORTIMER,   :
                                             :
                   Defendants.   :
-------------------------------------------------------------------------------x

### CONSENT OF DEFENDANT MICHAEL MORTIMER

1.      Defendant Michael Mortimer ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action.  Specifically, in *United States v. Michael Mortimer*, No. 19 Cr. 556 (VEC)(S.D.N.Y.) ("*United States v. Mortimer*"), Defendant pleaded guilty to one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371 and one count of securities fraud in violation of 15.U.S.C. § 78j(b).  In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent.  This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Mortimer.*

3.      Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Defendant from violations of Section

10(b) of the Exchange Act, [5 U.S.C. § 78j(b)], and Rule 10b-5

thereunder, [17 C.F.R.§ 240.10b-5]; and

(b)     bars Defendant from serving as an officer or director of a publicly-held

corporation under Section 21(d)(2) of the Exchange Act [15 U.S.C. §

78u(d)(2)].

4.     Defendant agrees that, upon motion of the Commission, the Court shall determine

whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant

to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the

disgorgement and/or civil penalty.  The Defendant further understands that, if disgorgement is

ordered, Defendant shall pay prejudgment interest thereon, calculated from December 3, 2013,

based on the rate of interest used by the Internal Revenue Service for the underpayment of

federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  Defendant further agrees that in

connection with the Commission's motion for disgorgement and/or civil penalties, and at any

hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not

violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge

the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the

allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the

Court may determine the issues raised in the motion on the basis of affidavits, declarations,

excerpts of sworn deposition or investigative testimony, and documentary evidence, without

regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of

Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil

penalties, the parties may take discovery, including discovery from appropriate non-parties.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.

3

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings."  As part of Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge

4

set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission

5

staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices

and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on

service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local

rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and

subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to

personal jurisdiction over Defendant in any United States District Court for purposes of

enforcing any such subpoena.

15.     Defendant agrees to waive all objections, including but not limited to,

constitutional, timeliness, and procedural objections, to the administrative proceeding that will be

instituted when the judgment is entered.

16.     Defendant agrees that the Commission may present the Judgment to the Court for

signature and entry without further notice.

17.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Judgment.

Dated: _AUGUST 1, 2019_                          _Michael Mortimer_
                                                  Michael Mortimer

On _August 1_, 2019, _Michael Mortimer_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PETER A WIDDOP
Notary Public
PLYMOUTH TWP, MONTGOMERY COUNTY
My Commission Expires Nov 2, 2020

Notary Public
Commission expires: _11/02/2020_

Approved as to form:

Jerry D. Bernstein
Blank Rome LLP
1271 Avenue of the Americas
New York, NY  10020
(212) 885-5511
Attorney for Defendant

# EXHIBIT A

J7AJMORP

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                           19 Cr. 0556

5    MICHAEL MORTIMER,

6                 Defendant.

7    ------------------------------x

8

9                                          July 10, 2019
                                           10:40 a.m.
10

11

12   Before:

13                  HON. VALERIE E. CAPRONI,

14                                      District Judge

15

16                       APPEARANCES

17   GEOFFREY S. BERMAN,
          United States Attorney for the
18        Southern District of New York
     MARTIN S. BELL,
19        Assistant United States Attorney

20   BLANK ROME, LLP,
          Attorneys for defendant Mortimer
21   BY:  JERRY D. BERNSTEIN, Esq.
          NICHOLAS R. TAMBONE, Esq.
22                  Of counsel

23   Also Present:
          DIANA CHAU, United States Postal Inspector
24

25
```

J7AJMORP

1   you, if any, for your cooperation.  Do you understand that?

2                THE DEFENDANT:  I do.

3                THE COURT:  Mr. Mortimer, in order to accept your

4   guilty plea, I have to be convinced that you're actually guilty

5   of these crimes.  Can you tell me what you did that makes you

6   guilty?

7                THE DEFENDANT:  From October 2013 to February 5, 2016,

8   I was employed by the Brixmor Property Group, Inc., a

9   publicly-traded real estate investment trust.  Brixmor's

10  primary source of revenue is rental income from commercial

11  tenants that lease real estate owned by Brixmor.

12               My title at Brixmor was senior vice president of

13  management accounting.  My job duties included accounting for

14  revenues generated by Brixmor's real estate, and preparing

15  analyzes of financial data for Brixmor's quarterly and annual

16  reports.  One of the financial analyzes I prepared for the

17  quarterly and annual reports was Same Store Net Operating

18  Income or Same Store NOI.  Same Store NOI is a financial metric

19  that compares the net operating income generated by Brixmor's

20  properties during a given period to the net operating income

21  generated by the same properties in the prior comparable

22  period.  The Same Store NOI metric I prepared for the quarterly

23  and annual reports tracked the percentage change in the Same

24  Store NOI between the two periods.

25               I participated in a scheme with Brixmor executives,

J7AJMORP

1   including Steven Splain, Michael Pappagallo and Michael

2   Carroll, to prepare inaccurate Same Store NOI data for

3   Brixmor's quarterly and annual reports.  Splain and Pappagallo

4   directed me to account for same store revenue in a manner that

5   would "smooth" the Same Store NOI data.  I understood these

6   directions were coming from Splain, Pappagallo and Carroll,

7   directly and indirectly.  I agreed that I would follow Splain,

8   Pappagallo's and Carroll's directions, and then I did, in fact,

9   prepare inaccurate Same Store NOI data for Brixmor's quarterly

10   and annual reports.  The purpose of the smoothing was to show

11   consistently "smooth" positive growth in Same Store NOI,

12   instead of positive and negative changes in Same Store NOI

13   compared to the prior quarter that actually occurred.

14         I knew that the inaccurate Same Store NOI data I

15   agreed to prepare for Brixmor's quarterly and annual reports,

16   and did, in fact, prepare, would be distributed to the

17   investing public.  I also knew that the investing public would

18   rely on the reports to access Brixmor's financial condition.  I

19   also knew that by "smoothing" the Same Store NOI data, the

20   investing public would be given inaccurate financial

21   information about Brixmor; and would, therefore, be misled

22   about Brixmor's actual financial performance.

23         THE COURT:  Where did you do all of this?

24         THE DEFENDANT:  Sorry?

25         THE COURT:  Where was your office?

J7AJMORP

```
1              THE DEFENDANT:  I was officed right outside

2    Philadelphia, Pennsylvania.

3              THE COURT:  Was Brixmor in Manhattan?  Did they have

4    an office in Manhattan?

5              THE DEFENDANT:  Yes, they did.

6              THE COURT:  Did you talk to them on the phone or email

7    them about the scheme?

8              THE DEFENDANT:  On email.  Steven Splain, he split his

9    time between the New York and Pennsylvania office.  A lot of

10   times it was in person.

11             THE COURT:  Sometimes in person, sometimes on the

12   phone?

13             THE DEFENDANT:  Correct.

14             THE COURT:  Okay.  When you did all of that, Mr.

15   Mortimer, did you know what you were doing was wrong and

16   against the law?

17             THE DEFENDANT:  Yes, I did.

18             THE COURT:  Did anyone threaten you or coerce you or

19   force you to engage in the scheme?

20             THE DEFENDANT:  No.

21             THE COURT:  Does any attorney want me to make further

22   inquiry?

23             MR. BELL:  No, your Honor.  I think that is

24   sufficient.

25             MR. BERNSTEIN:  No, your Honor.
```