

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BROWNN@SEC.GOV

January 16, 2020

**Via ECF and UPS Overnight**
Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

      Re:    SEC v. Carroll, et al.;
               No. 19 Civ. 7199 (AT)

Dear Judge Torres:

      We represent the Plaintiff, Securities and Exchange Commission ("Commission"), in this action and respectfully submit this letter in response to the Letter, dated January 9, 2020, submitted by Defendant Carroll that offers the arguments he proposes to make in support of his proposed Motion to Dismiss.  ((DE 45) "Letter".)

      To withstand a motion to dismiss, a complaint need only allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When the motion is focused, as here, on a claim that the complaint's materiality allegations are insufficient, it is rarely successful.  *In re Morgan Stanley Information Fund Sec. Litig.*, 592 F.3d 347, 360 (2d Cir.2010) (the issue of materiality "will rarely be dispositive in a motion to dismiss").  In fact, "a complaint may not properly be dismissed . . . on the ground that the alleged misstatements or omissions are not material unless they are so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance." *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 162 (2d Cir. 2000) (alteration in original) (quotations omitted). Under these standards, the Complaint is more than sufficient under Fed. R. Civ. P. 9 and 12(b)(6) because it alleges, with adequate particularity, that the non-GAAP metric at issue – the SP NOI Growth Rate – was materially misstated and that Defendants, including Carroll, had the requisite scienter when they misstated it.

**The Complaint Adequately Alleges Materiality**

      The Letter's primary argument – that the Complaint fails to state a claim because the improper adjustments to Brixmor's SP NOI were "too small to be material" (Letter at 2) when viewed in relation to Brixmor's total assets or total revenue – misses the mark because the Complaint's allegations concern the Defendants' manipulation of SP NOI Growth Rate, which is the "percentage by which SP NOI has grown between the current reporting period and the Comparison Period." (¶ 17.)

      As alleged in the Complaint, SP NOI Growth Rate is a key metric of success in the REIT

Hon. Analisa Torres                                                                                           January 16, 2020
                                                                                                              Page 2

industry, and Brixmor in particular sold itself to investors as uniquely able to deliver steady SP NOI growth. (¶¶ 18-19.) Throughout the relevant period, Carroll touted the Company's consistent and predictable growth – as demonstrated by its quarterly SP NOI Growth Rate results falling within the company's annual guidance range – as proof that management's business strategies were succeeding. (¶¶ 24-25.)

The Complaint properly alleges the impact of the improper adjustments as a percentage of the financial metric that it alleges was misstated, which in this case is SP NOI growth. In *Fresno Cty Employees' Ass'n, et al., v. Comscore*, 268 F. Supp. 3d 526 (S.D.N.Y. 2017), the Court denied defendants' motion to dismiss in similar circumstances. *Id.* at 550. There, on allegations that the company had misstated its revenue growth, the Court analyzed the misstatements as a percentage of total reported revenue *growth*, not total revenues, and held that the percentages – 10.1%, 27.2% and 17.8% in certain quarters – were sufficiently alleged as material. *Id.*[1] Here, the allegations in the Complaint demonstrate that the Defendants' improper adjustments resulted in Brixmor's SP NOI Growth – an absolute number – being misstated by up to 46.6%, (¶ 75), and its SP NOI Growth Rate – a relative number – being misstated by up to 50%. (¶ 76.)[2]

In any event, Carroll's arguments improperly rely on a numerical test to assess materiality – an approach that has been rejected by the Second Circuit. *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. RBS Grp., PLC*, 783 F.3d 383, 390-91 (2d Cir. 2015). Instead, courts fully analyze "all relevant considerations when assessing materiality." *In re Eletrobras Secs. Litig*, 245 F. Supp. 3d 450, 464 (S.D.N.Y. 2017) (quoting *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 717 (2d Cir. 2011)). In carrying out that review, courts rely on the non-exclusive list of qualitative factors set out in SEC Staff Accounting Bulletin No. 99, 64 F. Reg. 45150, 45152 (Aug. 19 1999) ("SAB 99") that puts the improper adjustments in the

---

[1] Similarly, the Court in *In re Ply Gem Holdings, Inc.*, No. 14-CV-3577, 2016 WL 5339541 (S.D.N.Y. Sept. 23, 2016) allowed plaintiff's allegation that a decline from 23.9% to 20.2% constituted a 15% decline to proceed. *See id.* at *4 (denying motion to dismiss and holding that "[a]t this stage, the Court cannot decide which particular financial metric offers the best like-to-like comparison").

[2] Moreover, since the SP NOI Growth Rate is stated as a percentage, relatively insignificant dollar amount changes to SP NOI have a magnified impact on the SP NOI Growth Rate that allowed the company to meet published guidance when they otherwise would not. (¶ 17.) In the third quarter of 2015, for example, Brixmor was able to boost its SP NOI Growth Rate from 3.4% to 3.6% – the rate that Carroll requested – by making an improper, but relatively small adjustment of $356,000 to the SP NOI of the Comparison Period. (¶¶ 67-68.) Thus, Defendants used the improper adjustments that the Letter describes as "tiny" (Letter at 3) or "inconsequential" (*id.* at 1) to ensure that their results met market expectations, a significant achievement. The Letter's argument that Brixmor's auditors concluded that the adjustments were "inconsequential," (*id.*) and that Brixmor need not restate its GAAP financials is both an improper attempt to introduce facts that are outside the Complaint, and misplaced, because the adjustments were made to manipulate the SP NOI Growth Rate, a non-GAAP metric on which the auditors did not opine.

Hon. Analisa Torres  
January 16, 2020  
Page 3

"factual context in which the user of financial statements would view" the misstatement. SAB 99, 64 F. Reg. at 45151. Viewed in that context, a "quantitatively immaterial statement [can be converted] into a material misstatement." *IBEW*, 783 F.3d at 391.

Contrary to the Letter (at 3), the Complaint alleges that several of the SAB 99 factors were present and demonstrate the materiality of the misstatements of SP NOI Growth and Growth Rate to investors, including whether the "misstatement hides a failure to meet analysts' consensus expectations for the enterprise," whether the misstatement "masks a change in earnings or other trends," and whether there is evidence that management "has intentionally misstated items in the financial statements to 'manage'" growth. *Id.*, 64 F. Reg. at 45152.

First, the Complaint alleges that the misstatements hid a failure to meet analysts' expectations. It alleges that Carroll publicly touted Brixmor's ability to consistently hit full-year SP NOI Growth Rate targets, quarter after quarter, and that the manipulations were devised specifically to hit those targets. (¶¶ 19-27, 75.) In reality, as the Complaint alleges, Brixmor's properly tabulated SP NOI Growth Rates would have fallen outside the full-year guidance range in six of the nine quarters at issue, as well as on a full year basis in both full years at issue. (¶¶ 69-72.) The Letter's claim that "no analyst would have understood Brixmor's full-year guidance as setting expectations for quarterly performance" (Letter at 3) is contradicted by the Complaint's allegations that analysts noted that Brixmor's SP NOI Growth Rate was "consistent from quarter to quarter and continually hitting the Company's guidance." (¶ 29.) Indeed, the Complaint quotes one analyst as having noted that Brixmor's 3Q 2014 SP NOI Growth Rate result "remained within guidance and elevated vs. peers." (¶ 31.) Indeed, while Brixmor reported a 3Q 2014 SP NOI Growth Rate of 3.9% – squarely down the middle of its guidance range of 3.8%-4% – its actual SP NOI Growth Rate for that quarter was 2.6%, a marked "failure to meet analysts' expectations." (¶ 75.)

Second, the Complaint alleges that the misstatements masked a change in trends because the metric Defendants manipulated – SP NOI Growth Rate – was meant to communicate a trend in Brixmor's growth. In addition to alleging that Carroll and others perennially cited the consistency of the company's growth, the Complaint alleges the importance of stable growth to analysts and investors tracking the stock, noting that they repeatedly emphasized the stability of Brixmor's SP NOI Growth Rate, and praised management's achievement of growth within guidance. (¶¶ 28-31.) In reality, as the Complaint alleges, Brixmor's SP NOI Growth Rates were volatile and unpredictable. (¶ 70.) Third, the Complaint alleges that the whole purpose of the scheme was to "manage" growth. (¶ 81.)

Finally, as SAB 99 notes, market reaction to disclosure of the misstatements may indicate materiality. *Id.*, 64 F. Reg. at 45152 ("the demonstrated volatility of the price of a registrant's securities in response to" disclosures of the misstatements, "should be taken into account when considering whether a misstatement is material"). Here, the Complaint alleges that market reaction to Brixmor's announcement that its employees, including Carroll, "were smoothing income items . . . in an effort to achieve consistent quarterly [SP NOI] growth," was swift, negative and significant, with Brixmor's stock price registering a one-day drop of 20.1% following the announcement. (¶¶ 80-81.)

Hon. Analisa Torres  
Page 4

January 16, 2020

Those allegations suffice to plead materiality. *See SEC v. DiMaria*, 207 F. Supp. 3d 343, 353-54 (S.D.N.Y. 2016). In *DiMaria*, the Court denied a motion to dismiss even though the alleged misstatements of earnings per share and adjusted EBITDA amounted to differences of less than five percent. *Id.* at 353. Central to the Court's conclusion that the misstatements were sufficiently material were the allegations that the management defendants had intended to "manage earnings and thereby conceal [the company's] failure to meet analysts' consensus expectations," and that management had stressed the importance of both non GAAP metrics at issue in public statements. *Id.* at 353-54; *accord Comscore*, 268 F. Supp. 3d at 550. The Complaint in this case contains similar allegations.

### The Complaint Adequately Pleads Fraud with Particularity

The Complaint also adequately pleads that each of the Defendants had the requisite fraudulent intent with the particularity required by Fed. R. Civ. P. 9(b) by alleging "facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Recklessness is pled when the complaint alleges, as here, defendant's "knowledge of facts or access to information contradicting their public statements." *SEC v. Syron*, 934 F. Supp. 2d 609, 631 (S.D.N.Y. 2013) (quotations omitted).

Specifically, the Complaint alleges that Carroll set internal quarterly targets for SP NOI Growth Rates throughout the period, (¶ 33), did so to reach the middle of Brixmor's publicly announced guidance range, (¶¶ 32-33), and closely monitored and received regular updates from financial planning and analysis staff on how the company's actual SP NOI Growth Rate performance was tracking those targets (¶ 33). *See SEC v. Takeyasu*, 2018 WL 2849777, at *20 (S.D.N.Y. June 11, 2018) (denying motion to dismiss complaint against officers who, among other things, were alleged to have set internal targets for improper reclassifications, and received regular reports on whether and how those targets were being met). The Complaint alleges that Carroll consistently touted his ability to deliver SP NOI Growth Rates that hit the targets that he set, (¶¶ 24-25), and that he disregarded Brixmor's actual numbers and accounting practices to achieve the results that he sought. These facts are sufficient to plead scienter.

The Letter (at 4) posits that Carroll's questions concerning removing certain properties from the same property pool demonstrate his "intent to ensure those calculations were done properly." To the contrary, the Complaint alleges that Carroll's interest in removing properties was specifically directed at low-performing properties that were "dragging [Brixmor] down in ss noi," and that he and the other Defendants sought to conceal the proposed exclusions from other Brixmor personnel. (¶¶ 60-62.) Regardless, a motion to dismiss is not the vehicle to resolve this factual dispute.

Respectfully submitted,

/s/ Nancy A. Brown

Nancy A. Brown

Hon. Analisa Torres										January 16, 2020
												Page 5

cc:     All Defendants via ECF