UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

-against-

MICHAEL A. CARROLL, MICHAEL V.
PAPPAGALLO,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/17/2020_

19 Civ. 7199 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, the Securities and Exchange Commission (the "SEC"), brings this action against Defendants, Michael A. Carroll and Michael V. Pappagallo, alleging violations of the Exchange Act of 1934 (the "Exchange Act") and rules and regulations thereunder. Compl., ECF No. 37. Defendants have been indicted for securities fraud in a parallel criminal case. Case No. 19 Cr. 545, ECF No. 2 (the "criminal case"). Before the Court is a motion by non-party the United States of America (the "Government") to intervene and stay the civil action until the conclusion of the criminal case. ECF No. 34. For the reasons stated below, the Government's motion to intervene and stay the action is GRANTED.

## BACKGROUND

On August 1, 2019, the SEC commenced this action, alleging that Defendants Carroll and Pappagallo, the former Chief Executive Officer and the former Chief Financial Officer, respectively, of Brixmor Property Group ("Brixmor"), a real estate investment trust headquartered in Manhattan, violated federal securities laws and regulations. *See generally* ECF No. 1.[1] Specifically, the SEC alleges that Defendants violated Section 10(b) of the

---

[1] The complaint also names Steven A. Splain and Michael Mortimer, the Chief Accounting Officer of Brixmor and the former Senior Vice President of Accounting, respectively, as defendants, *see* Compl. ¶¶ 11–12, but Splain and Mortimer have entered into consent judgments with the SEC, *see* ECF Nos. 9 & 10.

Exchange Act, 15 U.S.C. § 78j(b), and Rules 10b-5(a)–(c), 17 C.F.R. §§ 240.10b-5(a)–(c); Section 20(e) of the Exchange Act, 15 U.S.C. § 78t(e); the Exchange Act Rule 13a-14, 17 C.F.R. § 240.13a-14; and Rule 100(b) of Regulation G, 17 C.F.R. § 244.100, by allegedly manipulating the publicly reported quarterly figures for same store net operating income ("SS-NOI"), which measures the amount of income attributable to a static pool of real estate properties. Compl. ¶¶ 82–84, 91–97.

On the same day this action was filed, Defendants surrendered to federal authorities. Gov't Mem. at 3, ECF No. 35. Defendants are charged in the criminal case with violations of federal securities laws and regulations for the same alleged manipulation of Brixmor's SS-NOI growth numbers. *See generally* Indictment, Case No. 19 Cr. 545, ECF No. 2. Count One of the Indictment alleges violations of the Exchange Act, 15 U.S.C. § 78j(b) and 78 ff, and the rules and regulations promulgated thereunder, 17 C.F.R. § 240.10b-5, 240.13a-1, 240.13a-11, 240.13a-13, and 244.100(b), and Count Two alleges violations the Exchange Act, 15 U.S.C. § 78m(a) and 78ff, and the rules and regulations thereunder, 17 C.F.R. 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13, and 244.100(b). *Id.* On December 20, 2019, Defendants filed motions in the criminal case to dismiss the Indictment. Case No. 19 Cr. 545, ECF Nos. 46, 49.

On December 2, 2019, the Government moved to intervene and sought a stay of any briefing of Defendants' contemplated motions to dismiss, as well as a full stay of discovery, until the conclusion of the parallel criminal case. ECF No. 34. Defendants oppose the request to stay. ECF Nos. 39, 41. The SEC did not file opposition papers.

**DISCUSSION**

I.        Motion to Intervene

Under Federal Rule of Civil Procedure 24(a)(2), the court must allow a party to intervene if it "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Defendants do not oppose the Government's intervention for the limited purpose of seeking a stay. Carroll Mem. at 1 n.1, ECF No. 39; Pappagallo Mem. at 1 n.1, ECF No. 41.

The Court concludes that the Government has "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1998); *see also SEC v. Downe*, No. 92 Civ. 4092, 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) ("It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact."). Given the overlapping issues in the civil and criminal cases, and the lack of opposition by the parties, the Court concludes intervention is appropriate.

Accordingly, the motion to intervene is GRANTED.

II.       Motion to Stay

The Government seeks a "full stay in this matter, including (i) a stay of the filing of any motions to dismiss, and (ii) a stay of discovery, until the conclusion of the parallel criminal case." Gov't Mem. at 1. The Government argues that the request is justified by the overlap of legal issues in the two cases, and by the concern that Defendants' use of civil

discovery could circumvent criminal discovery rules. *Id.* Defendants oppose the blanket stay, and request leave to file motions to dismiss the complaint, as well as to permit certain discovery. *See generally* Carroll Mem., Pappagallo Mem.

A court has the inherent power to stay civil proceedings in the interests of justice pending the completion of a parallel criminal trial. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "While staying a civil case is an extraordinary remedy, courts will not hesitate to grant a stay when the interests of justice seem to require it." *SEC v. LaGuardia*, No. 19 Civ. 5895, 2020 WL 476439, at *2 (S.D.N.Y. Jan. 23, 2020) (internal quotation marks and citations omitted); *see also Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action." (internal quotation marks and citations omitted)).

In evaluating whether to stay a civil action in light of a criminal prosecution, courts in this circuit consider:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99 (citation omitted).

The party seeking a stay "bears the burden of establishing its need." *Id.* at 97 (internal quotation marks and citation omitted). The Court addresses the request to stay briefing on the

proposed motions to dismiss, as well as discovery, in turn.

　　　　A.　Motion to Dismiss Briefing

The Government argues that the filing of any motions to dismiss should be stayed in the interests of judicial economy and avoidance of potentially conflicting legal rulings issued in the civil and criminal cases. Gov't Mem. at 7. The Court agrees.

First, Defendants' intended motions to dismiss the complaint seek to make arguments already raised in Defendants' pending motions to dismiss the Indictment, which are fully briefed before the Honorable Colleen McMahon. Namely, the motions to dismiss the Indictment challenge the question of materiality, which requires that "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Tsc Indus. v. Northway*, 426 U.S. 438, 449 (1976); *see* Case No. 19 Cr. 545, ECF Nos. 44, 48. Based on the pre-motion letters submitted to this Court, Defendants intend to move to dismiss the complaint based on, among other grounds, failure to adequately plead materiality. *See* ECF Nos. 45, 48. The resolution of Defendants' motions to dismiss the Indictment on materiality will cover the same ground as the proposed motions to dismiss the complaint on the same basis. *See, e.g.*, *United States v. Gleason*, 616 F.2d 2, 28 (2d Cir. 1979) (explaining that materiality is the same in the civil and criminal contexts); *United States v. Block*, No. 16 Cr. 595, 2017 WL 1608905, at *4 (S.D.N.Y. Apr. 28, 2017) ("Materiality—in the criminal context, as in the civil context—requires the Court to determine whether a fact is one that a reasonable investor would have considered significant in making investment decisions." (internal quotation marks and citation omitted)) (collecting cases). Moreover, assuming the criminal case proceeds to trial, the issue of materiality will be further considered

in the context of jury instructions.

Because Chief Judge McMahon will be addressing legal issues overlapping with those Defendants seek to raise in their anticipated motions to dismiss, a stay in this case is warranted to "avoid a duplication of efforts and a waste of judicial time and resources," *SEC v. Shkreli*, No. 15 Civ. 7175, 2016 WL 1122029, at *6 (E.D.N.Y. Mar. 22, 2016) (internal quotation marks and citation omitted), as well as the possibility of conflicting legal rulings.

Defendants argue that they will suffer reputational prejudice as a result of a stay. Carroll argues that a stay would "'prevent him from defending himself, and harm his professional career in the meantime.'" Carroll Mem. at 10 (quoting *SEC v. Blaszczak*, No. 17 Civ. 3919, 2018 WL 301091, at *2 (S.D.N.Y. Jan. 3, 2018)). Pappagallo asserts that his "overriding interest in both the SEC and DOJ Actions is to move the cases forward as quickly as practicable in order to clear his good name." Pappagallo Mem. at 13.

However, "[t]he public's interest in the effective enforcement of the criminal law is the paramount public concern," and the "public's interest in the integrity of the [parallel] criminal case is entitled to precedence over the civil litigant." *Shkreli*, 2016 WL 1122029, at *7 (internal citation and quotation marks omitted)). The Court will, therefore, permit a stay in order to allow the criminal case to take precedence.

Accordingly, the Government's request for a stay of the filing of motions to dismiss is GRANTED.

    B. Discovery

In considering the factors for evaluating a request to stay discovery, the Court concludes that a full stay is appropriate here.

First, "[t]he overlap of issues in the criminal and civil proceedings is the threshold

6

factor to be considered in determining whether a stay is needed." *United States v. Eberhard*, 2004 WL 616122, at *5, No. 03 Cr. 562 (S.D.N.Y. Mar. 30, 2004) (collecting cases). "The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Volmar Distribs. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Here, both the complaint and the Indictment allege that Defendants manipulated Brixmor's reported SS-NOI growth, and the two cases involve "virtually identical facts, witnesses and issues." Gov't Mem. at 9. Courts have articulated several rationales why a stay of civil discovery is appropriate in light of overlapping facts in parallel criminal and civil cases. For one, "[although] the Constitution does not mandate a stay in such circumstances, denying a stay might undermine a defendant's Fifth Amendment privilege against self-incrimination." *Volmar Distribs.*, 152 F.R.D. at 39 (citations omitted). Moreover, "[r]efusing to grant a stay might also expand the rights of criminal discovery beyond the limits of Rule 16(b) of the Federal Rules of Criminal procedure, expose the basis of the defense to the prosecution in advance of trial, or otherwise prejudice the case." *Id.* Such considerations are present here.

Second, this is not an instance where Defendants are under criminal investigation, but have yet to be indicted, such that a stay may unduly delay the civil case while the parties await the resolution of a possible criminal case. Instead, not only has an indictment been returned, but the motions to dismiss the Indictment have been fully briefed. *See* Case No. 19 Cr. 545, ECF Nos. 71, 72. Moreover, there is no reason to believe that the criminal case will not move expeditiously. *See id.*, Feb. 19, 2020 Tr. 19–21, ECF No. 78 (Chief Judge McMahon indicating that the motions may be resolved by April 2020). These facts point strongly in

favor of a stay. *See, e.g.*, *Shkreli*, 2016 WL 1122029, at *5 ("[T]he strongest argument for granting a stay is where a party is under criminal indictment."); *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment.").

Third, the public interest also favors a stay. The Court notes that the SEC does not oppose the requested stay, *see* Gov't Mem. at 10, and, although Defendants oppose, the Court concludes that the interests of the public outweigh the interests of Defendants.

To begin with, a stay of discovery would assist judicial efficiency. *See SEC v. Contorinis*, No. 09 Civ. 1043, 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *SEC v. Global Indus.*, 2012 WL 5505738, at *4 (S.D.N.Y. Nov. 9, 2012) ("[T]he [c]ivil [c]ase is likely to benefit to some extent from the [c]riminal [c]ase no matter is outcome."); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010–11 (E.D.N.Y. 1992) (noting that judicial economy favors a stay).

Additionally, the Court takes into consideration the weighty public interest in the prosecution of the criminal matter. As other courts in this district have observed, "[t]he public's interest in preserving the integrity of criminal proceedings can be undermined in three major ways when discovery proceeds in parallel civil and criminal litigation." *Blaszczak*, 2018 WL 301091, at *3. These include:

> First, broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence. Second, revelation of the identity of prospective witnesses may create the opportunity for intimidation. Third, criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-

8

incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants.

*Id.* (internal quotation marks, citations, and alterations omitted).

Permitting even limited civil discovery, as Defendants propose,[2] risks the integrity of the criminal proceedings. *See United States v. Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a witness'[s] statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *SEC v. Beacon Hill Asset Mgmt. LLC*, 02 Civ. 8855, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) ("The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases.").

Accordingly, the Government's request for a full stay of discovery is GRANTED.

## CONCLUSION

For the reasons stated above, the Government's motion to: (1) intervene, (2) stay the briefing of any motions to dismiss, and (3) stay discovery until the conclusion of the parallel criminal case is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 34 and stay this action.

The SEC shall submit a status letter updating the Court on the progress of the criminal

---

[2] Carroll proposes, for instance, permitting "document discovery directed at third parties," "document discovery directed at the SEC concerning industry practice on SS-NOI and other accounting questions at issue," and depositions of "a limited number of third parties." Carroll Mem. at 11–12. Pappagallo proposes a slightly different discovery approach, pointing to another case in this district, in which the depositions of "two witnesses and the cooperating co-defendants who were likely to testify for the government in the criminal action" were permitted, as potentially instructive for managing discovery here. Pappagallo Mem. at 20–21 (citing *S.E.C. v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005)). However, neither Defendant disputes the obvious, which is that this case is unlikely to reach resolution on the basis of limited discovery. The Court does not find Defendants' proposals for piecemeal discovery to sufficiently advance the resolution of the case as to outweigh the interests of the public in a stay.

case, by **May 18, 2020**, as well as every 60 days thereafter, and promptly notify the Court when the criminal case has been resolved.

SO ORDERED.

Dated: March 17, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge